IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRUSTEES OF THE NATIONAL ELEVATOR INDUSTRY PENSION, HEALTH BENEFIT, AND EDUCATIONAL FUNDS, | : : : : |
| Plaintiffs, | : : : |
| v. | : CIVIL ACTION NO. 02-3028 : : |
| COASTAL ELEVATOR INC. | : : |
| Defendant. | : |

**MOTION FOR ENTRY OF JUDGMENT BY DEFAULT**

On May 21, 2002, NEI Trust Funds filed this action against Coastal Elevator Inc. to recover contributions and interest due the Plaintiffs' employee benefit Trust Funds. Defendant was served with the Summons and Complaint on June 4, 2002. Defendant has not made an appearance in this case. On or about June 28, 2002, the Clerk of Court entered a Default against Coastal Elevator Inc.

NEI Trust Funds file this Motion for Entry of Judgment by Default pursuant to Rule 55(b)(1) of the Federal Rules of Civil Procedure. The specific amount of damages has been determined as set forth in the attached Memorandum in Support of Motion for Entry of Judgment.

NEI Trust Funds respectfully request that the Court enter Judgment in favor of the NEI Trust Funds in the amount of $10,495.68 in contributions due the Trust Funds, and $2,099.13 in liquidated damages, and interest due in the amount of $106.52, plus costs and attorney's fees, pursuant to 29 U.S.C. §1132(g).

|  |  |
|---|---|
|  | Respectfully submitted, |
| DATE: <u>July 2, 2002</u> | **O'DONOGHUE & O'DONOGHUE**<br>Constitution Place, Suite 515<br>325 Chestnut Street<br>Philadelphia, PA  19106<br>Telephone (215) 629-4970<br>Facsimile (215) 629-4996 |
|  | By: _____<br>Robert P. Curley<br>Attorney I.D. No. 55760 |
|  | By: _____<br>David D. Capuano<br>Attorney I.D. No. 70238 |
|  | Attorneys for Plaintiffs |

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing Motion for Entry of Judgment by Default and Memorandum in Support of Motion for Entry of Judgment by Default, Motion for Attorney's Fees and Costs and Memorandum in Support of Motion for Attorney's Fees and Costs and Affidavit in Support of Motion for Attorney's Fees and Costs was sent by first class mail, postage prepaid, this 2nd day of July, 2002 to:

      Coastal Elevator Inc.
      9601 N. Palafox St. Unit 5A
      Pensacola, FL  32534-1222

_____
Robert P. Curley

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRUSTEES OF THE NATIONAL ELEVATOR INDUSTRY PENSION, HEALTH BENEFIT AND EDUCATIONAL FUNDS, | : : : : |
| Plaintiffs, | : : |
| v. | : CIVIL ACTION NO. 02-3028 : |
| COASTAL ELEVATOR INC. | : : |
| Defendant. | : |

**MEMORANDUM IN SUPPORT OF**
**MOTION FOR ENTRY OF JUDGMENT**

Plaintiffs are the Trustees of the National Elevator Industry Pension, Health Benefit and Educational Funds (the "Trust Funds"). The Trust Funds are third party beneficiaries to the Collective Bargaining Agreement (the "Agreement") between the International Union of Elevator Constructors (the "Union") and Coastal Elevator Inc. (the "Defendant"). Pursuant to the Collective Bargaining Agreement, the Defendant is obligated to file monthly reporting forms with the Trustees indicating the number of hours worked by its employees who are elevator constructor mechanics and helpers covered by the Agreement. Along with these reporting forms the Defendant is required to submit contributions corresponding to the total number of hours worked by the Defendant's covered employees. These contributions finance the Trust Funds and provide pension, medical and educational benefits to the Defendant's elevator constructor mechanics and helpers.

The Plaintiff Trustees filed this action on May 21, 2002 to collect contributions due the Trust Funds from the Defendant.

The Defendant filed the monthly report forms for the months of March 2002 through and

including May 2002 indicating the exact amount of contributions due, as required by the Agreement, but has failed to pay the proper corresponding contributions. The specific reports and an explanation for the amounts owed has been determined as set forth in the attached Affidavit of Robert Milano of the NEI Trust Funds. (See Exhibit "A").

Accordingly, the Defendant is obligated to the Trust Funds for the following:

1. Defendant is obligated to the Plaintiffs in the amount of $10,495.68 in monthly contributions. This amount differs from the amount set forth in the Complaint due to Defendant's continuing failure to make proper and timely contributions to the Funds.

2. Defendant is obligated to the Plaintiffs in the amount of $2,099.13 in liquidated damages pursuant to the terms of the Agreements and Declarations of Trust of the Trust Funds, and pursuant to 29 U.S.C. §1132(g)(2)(C)(ii). This sum is 20% of the above monthly contributions due.

3. Pursuant to the terms of the Agreements and Declarations of Trust of the Trust Funds, and pursuant to 29 U.S.C. §1132(g)(2)(B), the Defendant is obligated to the Trust Funds for interest on delinquent contributions. These interest charges are calculated on the sixteenth of the month and are assessed one-month in advance on all unpaid items as of the fifteenth. Moreover, these interest charges are calculated at the Internal Revenue Service rate in effect during each month that a delinquency exists and will be calculated on the outstanding balance on the fifteenth of each month whether the balance is comprised of either principal, interest or both. The Internal Revenue Service rate in effect for the months of March 2002 through and including May 2002 was nine percent (9%). Accordingly, Defendant is obligated to the Trust Funds in the amount of $106.52 in interest for the aforementioned months.

4. Pursuant to the terms of the Agreements and Declarations of Trust of the Trust Funds, and pursuant to 29 U.S.C. §1132(g)(2)(D), Defendant is obligated to the Trust Funds for all

attorney's fees and costs associated with the cost of collection, as described in the attached Motion for Attorney's Fees and Costs. Defendant is obligated to the Trust Funds in the amount of $1,266.47 in attorney's fees and costs.

The Defendant is obligated to the Plaintiff Trust Funds in the amount of $13,967.80 in contributions, interest, liquidated damages, costs and attorney's fees.

Respectfully submitted,

DATE: July 2, 2002

**O'DONOGHUE & O'DONOGHUE**
Constitution Place, Suite 515
325 Chestnut Street
Philadelphia, PA  19106
Telephone (215) 629-4970
Facsimile (215) 629-4996

By: _____
Robert P. Curley
Attorney I.D. No. 55760

By: _____
David D. Capuano
Attorney I.D. No. 70238

Attorneys for Plaintiffs

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRUSTEES OF THE NATIONAL ELEVATOR INDUSTRY PENSION, HEALTH BENEFIT AND EDUCATIONAL FUNDS,<br><br>        Plaintiffs,<br><br>        v.<br><br>COASTAL ELEVATOR INC.<br><br>        Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>: CIVIL ACTION NO. 02-3028<br>:<br>:<br>:<br>:<br>: |

### **PLAINTIFFS' MOTION FOR ATTORNEY'S FEES AND COSTS**

Pursuant to Section 502(g)(2)(D) of the Employee Retirement Income Security Act of 1974, (as amended) (ERISA), 29 U.S.C. §1132(g)(2)(D), Plaintiffs respectfully request the award of their attorney's fees and costs incurred in this action.

The legal basis for this claim and the exact amounts claimed are set forth in the attached Memorandum and Statement of Attorney's Fees and Costs.

Respectfully submitted,

DATE: July 2, 2002

**O'DONOGHUE & O'DONOGHUE**
Constitution Place, Suite 515
325 Chestnut Street
Philadelphia, PA  19106
Telephone (215) 629-4970
Facsimile (215) 629-4996

By: _____
    Robert P. Curley
    Attorney I.D. No. 55760

By: _____
    David D. Capuano
    Attorney I.D. No. 70238

Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRUSTEES OF THE NATIONAL ELEVATOR INDUSTRY PENSION, HEALTH BENEFIT AND EDUCATIONAL FUNDS, | : <br> : <br> : <br> : |
| Plaintiffs, | : |
| v. | : CIVIL ACTION NO. 02-3028 |
| COASTAL ELEVATOR INC. | : <br> : <br> : |
| Defendant. | : |

## AFFIDAVIT IN SUPPORT OF
## **PLAINTIFFS' MOTION FOR ATTORNEY'S FEES AND COSTS**

I, Robert P. Curley, counsel of record for Plaintiffs, Trustees of the National Elevator Industry Pension, Health Benefit and Educational Funds (hereinafter "NEI Funds"), hereby certify, declare and verify under penalty of perjury pursuant to 28 U.S.C. Section 1746 this 2nd day of July, 2002, the following:

1.  That I am an attorney with the law firm of O'Donoghue & O'Donoghue, the counsel of record for the Plaintiffs.

2.  That I am familiar with the Collective Bargaining Agreement between the Defendant, Coastal Elevator Inc. and Local 124 and the Agreements and Declarations of Trust establishing the NEI Funds.

3.  That pursuant to the Collective Bargaining Agreement and Agreements and Declarations of Trust, the Defendant agreed to pay the NEI Funds certain sums of money for each hour worked by all employees of Defendant covered by the Collective Bargaining Agreement.

4.  The Agreements and Declarations of Trust establishing the NEI Funds provide that an Employer who fails to pay the amounts required by the Collective Bargaining Agreement on time

shall be obligated to pay interest at the rate currently charged by the Internal Revenue Service from five days after the date of delinquency of the date of payment and liquidated damages of 20%, as well as all necessary costs of collection incurred by the Funds, including, but not limited to, reasonable attorneys' fees and court costs.  Defendant is bound to the Agreements and Declarations of Trust.

5. That the firm expended 9.75 hours in the above captioned case on behalf of Plaintiffs (see Exhibit "A").

6. That the amount of time expended within the usual and customary time spent by an attorney of this type of case.

7. O'Donoghue & O'Donoghue has negotiated a fee of $170.00 per hour (attorney time) and $95.00 per hour (paralegal time) with its client, the Trustees of the National Elevator Industry Pension, Health Benefit and Educational Funds for the performance of this type of legal representation.  We believe that this hourly fee is below the usual and customary fee charged for this type of work.

8. I further affirm that the following costs were expended on behalf of the Plaintiffs in this case.

| | | |
|---|---|---|
| Copies | - | $5.00 |
| Postage | - | $12.72 |
| Special Process Server | - | $60.00 |
| Filing Fee | - | $150.00 |
| | | $227.72 |
| | | |
| Total Costs | - | $227.72 |
| Attorney's Fees | - | $1,038.75 |
| | | $1,266.47 |

9. Plaintiffs' counsel respectfully requests the Court to grant Plaintiffs attorney's fees and costs in the amount of $1,266.47

                                                       Respectfully submitted,

DATE: July 2, 2002                             **O'DONOGHUE & O'DONOGHUE**
                                                       Constitution Place, Suite 515
                                                       325 Chestnut Street
                                                       Philadelphia, PA 19106
                                                      Telephone (215) 629-4970
                                                      Facsimile (215) 629-4996

                                                       By: _____
                                                              Robert P. Curley
                                                              Attorney I.D. No. 55760

                                                     Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRUSTEES OF THE NATIONAL ELEVATOR INDUSTRY PENSION, HEALTH BENEFIT, AND EDUCATIONAL FUNDS, | : : : : |
| Plaintiffs, | : : |
| v. | : CIVIL ACTION NO. 02-3028 : |
| COASTAL ELEVATOR INC. | : : |
| Defendant. | : |

**MEMORANDUM IN SUPPORT OF
PLAINTIFFS' MOTION FOR ATTORNEY'S FEES AND COSTS**

NEI Trust Funds' request for attorney's fees and costs is filed pursuant to Section 502(g)(2)(D) of the Employee Retirement Income Security Act of 1974, as amended, (ERISA) 29 U.S.C §1132(g)(2)(D), which provides:

> In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this Title in which a judgment in favor of the plan is awarded, the court shall award the plan -
> (D)  reasonable attorney's fees and costs of the action, to
>       be paid by the defendant, and ...

In Teamsters Local 115 Pension Plan v. Yahn & McDonnell, Inc., 787 F.2d 128, 133 (3rd Cir. 1986), the Court stated "[b]ecause of the clear language of the statute [referring to ERISA Section 502(g)(2)], we join the Second, Fifth and Ninth Circuits in holding that in successful actions for delinquent payments, 'attorney's fees are no longer discretionary'" citing, Operating Engineers Pension Trust v. Reed, 726 F. 2d 513, 514 (9th Cir. 1984); accord, O'Hare v. General Marine Transport Corp., 740 F.2d 160, 171 (2nd Cir. 1984); Carpenters Amended and Restated Health Benefit Fund v. John W. Ryan Construction Co., Inc., 767 F.2d 1170 (5th Cir. 1985).

Based on the foregoing, NEI Trust Funds respectfully request an award of their attorney's

fees and costs incurred in this action in the amount set forth in their counsel's statement.

                              Respectfully submitted,

DATE: <u>July 2, 2002</u>

                              **O'DONOGHUE & O'DONOGHUE**
Constitution Place, Suite 515
325 Chestnut Street
Philadelphia, PA  19106
Telephone (215) 629-4970
Facsimile (215) 629-4996

By: _____
      Robert P. Curley
      Attorney I.D. No. 55760

By: _____
      David D. Capuano
      Attorney I.D. No. 70238

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRUSTEES OF THE NATIONAL ELEVATOR INDUSTRY PENSION, HEALTH BENEFIT AND EDUCATIONAL FUNDS, :<br><br>    Plaintiffs, :<br><br>  v. :<br><br>COASTAL ELEVATOR INC. :<br><br>    Defendant. : | <br><br><br><br><br>CIVIL ACTION NO. 02-3028 |

## JUDGMENT

In consideration of Plaintiffs' Motion for Judgment by Default and Memorandum in Support; Motion for Attorney's Fees and Costs and Memorandum and Statement in Support, and good cause having been shown, it is this ____ day of _____, 2002;

ORDERED that both Motions are granted and Judgment is entered in favor of the Plaintiffs' for the following obligations and amounts:

| | |
|---|---|
| **Contributions** Owed for the months of | |
| 3/02-5/02 | $10,495.68 |
| **Liquidated Damages** | $2,099.13 |
| **Interest** | $106.52 |
| **Attorney's Fees** | $1,038.75 |
| **Costs** | $227.72 |
| **Total** | $13,967.80 |

JUDGMENT is hereby entered against the Defendant in the amount of $13,967.80.

_____
Eduardo C. Robreno,    J.